11-3169-cv
Tzanetis v. Weinstein & Riley, P.S.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand twelve.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KARA A. TZANETIS,
    *Plaintiff-Appellant,*

     -v.-                                   No. 11-3169-cv

WEINSTEIN & RILEY, P.S.,
    *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**         Joanne S. Faulkner, New Haven, CT.

**FOR DEFENDANT-APPELLEE:**         Kenneth S. Jannette, Weinstein & Riley, P.S., New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*) entered November 1, 2010.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Kara Tzanetis appeals a final judgment of November 1, 2010 entering summary judgment against her on her claim for relief under The Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692–1692p, and a ruling of July 26, 2011 denying her motion for reconsideration.

We assume the parties' familiarity with the factual history and proceedings below. Briefly, Tzanetis argues that the following language contained in a demand letter from defendant-appellee Weinstein & Riley, P.C., a law firm, violated the FDCPA: "The amount due on the day you pay may be greater because of additional interest, late fees, attorney fees and costs, and other charges that may vary from day to day." The language was modeled after a judgment of the United States District Court for the District of Connecticut designating permissible language for such letters. *See Dragon v. I.C. Sys., Inc.*, 483 F. Supp. 2d 198, 202 (D. Conn. 2007).

## *DISCUSSION*

We review *de novo* an order of a district court granting or denying summary judgment. *See, e.g.*, *Durakovic v. Bldg. Serv,. 32 BJ Pension Fund*, 609 F.3d 133, 137 (2d Cir. 2010). Summary judgment is warranted only upon a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there are genuine issues of material fact, "we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Following our review, we affirm the judgment of the District Court. The factual evidence before the District Court consisted of two demand letters. Tzanetis declined to submit additional evidence. The letters contained passages that merely indicated the possibility that other lawful charges might accrue at a later date, and do not establish a violation of the FDCPA.

## *CONCLUSION*

We have considered all of Tzanetis's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2